IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dawn Tyson, | ) | C/A No. 0:12-2578-MGL-PJG |
|                  Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| State Line Lighting, Inc., | ) | |
|                  Defendant. | ) | |

The plaintiff, Dawn Tyson ("Tyson"), filed this action[1] pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against the defendant, State Line Lighting, Inc. ("State Line").[2] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 34.) Tyson filed a response in opposition (ECF No. 47), and the defendant replied (ECF No. 48). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted because State Line did not have the requisite number of employees during the relevant time period to be subject to Title VII.

**BACKGROUND**

This matter stems from Tyson's former employment with State Line and involves events between 2008 and 2011. For purposes of the instant motion, a detailed recitation of the underlying facts is not necessary; suffice it to say that Tyson alleges egregious conduct which she contends

---

[1] The defendant removed this matter from the York County Court of Common Pleas.

[2] Tyson stipulates to the dismissal of her claims brought pursuant to the Equal Pay Act, 29 U.S.C. § 206(d). (See Pl.'s Resp. Opp'n Mot. Summ. J. at 1 n.1, ECF No. 47 at 1.)



constituted sexual harassment by the then-chief executive officer of State Line, Mason McMehan, who avers that he is a recovering alcoholic. Tyson also alleges that State Line terminated her employment in retaliation for her complaints about the alleged harassment.

Unrefuted facts presented by State Line show that State Line is a closely held "S" corporation founded by Mason McMehan and his father, Grady McMehan. Mason McMehan began as the managing owner; his father invested and assisted in the business as an officer and director. Ben Burroughs became more involved in the company over time and by 2008 was a 25% shareholder and Vice President of Operations. Burroughs and Mason McMehan then served as the two managing owners. In late 2008, in light of his struggle with alcoholism, Mason McMehan left the company at the insistence of Burroughs and Grady McMehan. Mason McMehan, however, remained a 25% shareholder. Following in-patient treatment and employment with another company, Mason McMehan returned to his former role at State Line in early 2011.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger



v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Applicability of Title VII to the Defendant**

As an initial matter, State Line contends that it is not subject to Title VII's proscriptions against discrimination because it did not have fifteen employees during the relevant time period.  Resolution of the instant motion turns on whether Mason McMehan, who was the chief executive officer of State Line, is considered an "employer" or an "employee." (See Pl.'s Mem. Opp'n Summ. J. at 17, ECF No. 47 at 17.)



Title VII, which prohibits discrimination by an "employer," defines that term as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). The numerosity requirement is a threshold element of a plaintiff's claim under Title VII; without it, the employer is not subject to Title VII liability. See Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006).

The parties agree that the applicable law requires consideration of six non-exhaustive factors in determining whether a person is an employer or an employee. Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 446 & n.6 (2003) (adopting the guidelines utilized by the Equal Employment Opportunity Commission ("EEOC")); see also Mariotti v. Mariotti Bldg. Prods., 714 F.3d 761, 765-66 (3d Cir. 2013) (stating that the six-factor analysis should be used to resolve this question regardless of whether the issue is satisfaction of the numerosity requirement or determining whether a plaintiff is an "employee" with Title VII protections). The six factors include:

[1]  "Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work

[2]  "Whether and, if so, to what extent the organization supervises the individual's work

[3]  "Whether the individual reports to someone higher in the organization

[4]  "Whether and, if so, to what extent the individual is able to influence the organization

[5]  "Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts

[6]  "Whether the individual shares in the profits losses, and liabilities of the organization."



Clackamas, 538 U.S. at 449-50 (quoting EEOC guidelines now found at EEOC Compliance Manual § 2-III.A.1.d ("Partners, Officers, Members of Boards of Directors, and Major Shareholders")).

The United States Supreme Court in Clackamas emphasized that in resolving the question of whether a person is an employer or an employee, "the common-law element of control" is the principal guidepost to be followed. Clackamas, 538 U.S. at 448. Use of the EEOC guidelines should be used to determine "both the broad question of who is an 'employee' and the narrower question of when partners, officers, members of boards of directors, and major shareholders qualify as employees." Id. The answer to the question of whether a shareholder-director is an employee depends on " 'all of the incidents of the relationship . . . with no one factor being decisive.' " Id. (quoting NLRB v. United Ins. Co. of Am., 390 U.S. 254, 258 (1968)).

Here, Tyson largely bases her argument that Mason McMehan was an employee of State Line on that fact that Burroughs and Grady McMehan forced him out of the company in 2008 when he was having serious problems with alcoholism. This, she contends, shows that State Line could fire him and set the rules and regulations for his work, satisfying the first factor. However, even accepting this version of the facts as true, case law demonstrates that the fact that a person has been forced out of a company does not mean he or she was an employee for Title VII purposes. See, e.g., Solon v. Kaplan, 398 F.3d 629 (7th Cir. 2005) (finding that a 25% partner in a law firm who was voted out by his three partners was an employer, not an employee); Mariotti, 714 F.3d 761 (finding that a founding shareholder-director of a closely held family corporation who was forced out of the company by the other family members was an employer, not an employee).

Moreover, even if this factor did weigh in Tyson's favor on this issue, no one factor is decisive, and all of the other factors show that Mason McMehan was an employer rather than an

employee of State Line. Despite Tyson's feeble argument that Burroughs had control over Mason McMehan after he returned to State Line in 2011, no evidence in the record indicates that anyone else at State Line supervised Mason McMehan's work. Moreover, although Tyson tries to argue that Mason McMehan reported to Ben Burroughs, the unrefuted evidence shows that such was not the case. (See, e.g., Burroughs Aff. ¶ 18, ECF No. 34-3 at 4.) Moreover, as chief executive officer and one of two managing owners of State Line, his influence on the organization is clear. (See, e.g., id.) The weight of this evidence is not diminished even though Burroughs may have exclusively retained the authority to hire and fire employees after Mason McMehan's return. See Mariotti, 714 F.3d at 768-69 (concluding that fact that the person at issue did not have exclusive control over the business is not determinative). In fact, the evidence shows that Tyson herself at all times considered Mason McMehan to be co-equal with Burroughs. (See generally Def.'s Reply Mem. Supp. Mot. Summ. J. at 3-4, ECF No. 48 at 3-4) (summarizing evidence showing Tyson considered Mason McMehan to be the owner of State Line, that both Burroughs and Mason McMehan fired her, that Burroughs and Mason McMehan jointly managed State Line and that both were responsible for the decisions regarding her compensation, work hours, and other terms of employment). No written agreements or contracts indicate that Mason McMehan was ever an employee. Finally, as a member of the "S" corporation, he shared in the profits, losses, and liabilities of the company, and State Line's profits were attributed to him and Burroughs individually and reported on their individual tax returns. (See generally Burroughs Aff. ¶¶ 1-4, 18, ECF No. 34-3 at 1-2, 4; M. McMehan Aff. ¶¶ 1-5, 10, ECF No. 34-2 at 1-2.) In contrast, Tyson has presented no probative evidence supporting her argument that Burroughs actually ran the business and Mason McMehan was merely an employee who also happened to be a shareholder.

PJG

**RECOMMENDATION**

Because Mason McMehan was an employer as a matter of law and not an employee of State Line, Title VII's numerosity requirement is not satisfied, and Tyson cannot bring a Title VII claim against it. The court therefore recommends that State Line's motion for summary judgment be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 30, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).